UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF NATIXIS COMMERCIAL MORTGAGE SECURITIES TRUST 2019-MILE, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, *acting by and through Trimont, LLC, as Special Servicer*,

Plaintiff,

-v-

ROSSANO DE COTIIS et al.,

Defendants.

---------------------------------------------------------------------X

26-CV-7219 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Wells Fargo Bank National Association, as trustee for the Benefit of the Registered Holders of Natixis Commercial Mortgage Securities Trust 2019-Mile, Commercial Mortgage Pass-through Certificates, brings this action against Defendants Rossano De Cottis and Panni Holdings LTD ("Panni Holdings"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a citizen of South Dakota, and that De Cottis is a citizen of Canada. *See* ECF No. 1 ("Complaint") ¶¶ 1, 4. As for Panni Holdings, the Complaint and its attachments indicate that it is a corporation organized under the laws of Canada. *See id.* ¶ 5 (referring to Panni Holdings as "a company existing and organized under the laws of British Columbia"); ECF No. 1-1, at 8 ("Loan Agmt.") (referring to Panni Holdings as a "British Columbia corporation").

It is well established that a corporation is "considered a citizen of the state in which it is incorporated *and* the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C. § 1332(c)(1)) (emphasis added); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (providing that a corporation's principal place of business is its "nerve center," meaning its "actual center of direction, control, and coordination"). Thus, a complaint premised upon diversity of citizenship must allege a corporation's state(s) of incorporation *and* its principal place of business. In the present case, the Complaint and its attachments sufficiently plead Panni Holdings's place of incorporation. *See* Compl. ¶ 5; Loan Agmt. 8. But it does not sufficiently plead Panni Holdings's principal place of business.

Accordingly, it is hereby ORDERED that, **on or before September 2, 2026**, Plaintiff

shall amend its Complaint to sufficiently allege Panni Holdings's principal place of business. If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject-matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: August 26, 2026
New York, New York

JESSE M. FURMAN
United States District Judge